IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR MESA, JR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-16-1222 |
| | : | |
| WARDEN C. MAIORANA, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

**MEMORANDUM**

August 3, 2016

**Background**

Hector Mesa, Jr., an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is Warden Charles Maiorana of USP-Canaan. The required filing fee has been paid.

Petitioner states that he entered a guilty plea on November 28, 2011 to charges of possession of a firearm by a convicted felon in the United States District Court for the Middle District of Florida. On March 20, 2012, he was found to be an armed career criminal and sentenced to a 188 month term of confinement. According to Mesa, he did not pursue a direct appeal.

1

Petitioner indicates that he previously sought relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255 which was filed on March 15, 2016. See Doc. 1, ¶ 11. His petition was dismissed as being time barred on April 28, 2016.

Relying on Johnson v. United States, __ U.S. __ , 135 S. Ct. 2551 (2015), Ground One of Petitioner's pending action seeks habeas corpus relief on the basis that his presentence report erroneously indicated that enhancement of his sentence under the Armed Career Criminal Act (ACCA) was appropriate. See id., ¶ 12. He acknowledges that this argument was included in his § 2255 motion.[1]

Ground Two also seeks relief under Johnson on the grounds that a parole officer provided misleading information to the sentencing court that the firearms charges filed against Petitioner qualified as violent felonies. Mesa indicates that this claim was also raised in his § 2255 action. See id. at p. 18. Ground Three raises a vague claim that the sentencing court somehow lacked subject matter jurisdiction.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule

---

[1] In addition to finding that Petitioner's § 2255 action was time barred the sentencing court concluded that Johnson was not applicable to Mesa. See Doc. 1, p. 86, n. 1.

4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claim of unconstitutional  sentencing via a § 2241 petition.  It is my interpretation of the petition that Mesa believes that this Court has jurisdiction over his § 2241 action by virtue of his ongoing  detention at USP-Canaan.  I disagree.

When challenging the validity of a federal sentence and not its execution,[2] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

---

[2]  A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241.  See  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his sentence entered in the Middle District of Florida. Mesa does not contend that he is actually innocent of the underlying federal criminal offense. Based upon the nature of his claims, Petitioner must do so by following the requirements of § 2255. As previously noted, Petitioner states that he recently filed an unsuccessful § 2255 action which included his pending arguments.

Johnson is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. Since § 2255 plainly provides an avenue for litigating the merits of a Johnson based sentencing claims, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court. The sentencing Court in addressing Mesa's § 2255 action determined that Johnson is not applicable in Petitioner's case.

Given that Petitioner has shown that he has already presented his pending claims via a § 2255 proceeding, together with his failure to demonstrate that he is actually innocent of the underlying criminal offense, his action does not fall within

the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

The sentencing court has already had an opportunity to address the validity of Petitioner's pending <u>Johnson</u> based argument.  Petitioner's lack of success in that proceeding does not provide a basis for a determination that § 2255 is either inadequate or ineffective to test the legality of Petitioner's conviction.   As noted earlier, the United States Court of Appeals for the Third Circuit has clearly stated that "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  <u>Cradle</u>, 290 F.3d  at 539.

Consequently, Mesa's  § 2241 petition will be dismissed for lack of jurisdiction.  An appropriate Order will enter.

                                         BY THE COURT:

                                            s/ Matthew W. Brann
                                         Matthew W. Brann
                                           United States District Judge